O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRAULIO S. GARCIA, | Case No. CV 14-06141 JGB (AN) |
| Petitioner, | ORDER DISMISSING ACTION FOR FAILURE TO PRESENT CASE OR CONTROVERSY |
| v. | |
| PEOPLE OF THE STATE, | |
| Respondent. | |

On August 5, 2014, Braulio S. Garcia, a state prisoner imprisoned at Wasco State Prison, filed the pending petition requesting a 30-day continuance of time ("Petition") [1], presumably to file a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("§ 2254"). Garcia's pending Petition does not raise any habeas claims.

The United States Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." *Susan B. Anthony List v. Driehaus*, --- U.S. ---, ---, 134 S. Ct. 2334, 2341 (2014) (*citing* U.S. CONST. art. III, § 2, cl. 1.). In the § 2254 context, the underlying "controversy" for Article III purposes is whether Petitioner "is entitled to federal habeas relief setting aside his sentence or conviction obtained in the California courts." *Calderon v. Ashmus*, 523 U.S. 740, 746, 118 S. Ct. 1694 (1998). Consequently, because Petitioner

has not filed a federal habeas petition challenging his conviction or sentence, this action presents no case or controversy, and the Court lacks subject matter jurisdiction. *Id.*; *see also Smith v. Warden*, No. EDCV 08-1684 VBF (RZ), 2008 WL 5103207, at *1-2 (C.D. Cal. Dec. 1, 2008) (cited pursuant to 9th Cir. R. 36-3) (court lacked subject matter jurisdiction to entertain state inmate's request for tolling of the limitations period governing § 2254 actions because the inmate had not filed a habeas petition, and therefore, had "not properly initiated a 'case' or 'controversy.'"); *Grissom v. Barnes*, No. CV 13-3593 SJO (SS), 2013 WL 3053059, at *1 (C.D. Cal. June 14, 2013) (also cited pursuant to 9th Cir. R. 36-3) (motion requesting that the Court determine whether federal habeas petition would be time-barred if filed failed to satisfy the case or controversy requirement of Article III).

Further, in light of the fact the Court is without subject matter jurisdiction, this action must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (citations omitted).

///
///
///
///
///
///
///
///
///
///

1    Based upon the foregoing, this action is DISMISSED without prejudice to

2 Petitioner filing a § 2254 petition to seek relief from his current state custody. Any other

3 pending motions are terminated and the clerk shall close the file.

4

5    IT IS SO ORDERED.

6

7 DATED: August 22, 2014

8                                                                         _____

                                                                                    JESUS G. BERNAL
                                                                            UNITED STATES DISTRICT JUDGE

9 Presented by:

10

11 _____

            Arthur Nakazato
12 United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28